# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60232
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2024

Lyle W. Cayce
Clerk

Margarita Diaz-Menendez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 143 386

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Margarita Diaz-Menendez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision, but we will consider the Immigration Judge's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

decision only to the extent it influenced the BIA. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021).

Diaz-Menendez challenges the BIA's conclusion that she failed to demonstrate the requisite nexus for asylum and withholding of removal. Substantial evidence supports the BIA's conclusion that the gang members' motivation for targeting her was furtherance of their criminal activity by using her as an informant on police movements, which they believed she could help them achieve due to the nature of her employment as a door-to-door salesperson. Conduct motivated by criminal intentions does not constitute persecution on account of a protected ground. *Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023). Diaz-Menendez has not shown that the evidence compels the conclusion that her actual or imputed political opinion or her membership in a particular social group was or will be a central reason for the gang's actions against her.

The failure to demonstrate the requisite nexus is dispositive for her claims of asylum and withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Thus, we need not address her additional argument challenging the BIA's alternative conclusion that her application for asylum was time barred. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, she more likely than not will suffer torture that is inflicted or instigated by, or occurs with the consent or acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Diaz-Menendez contends that the country reports she submitted showed that the

No. 24-60232

MS gang was widespread in El Salvador and that the Salvadoran government failed to protect women from gang violence.

That argument is unavailing. The inability of a government to protect its citizens does not amount to acquiescence to torture for purposes of the CAT. *See Martinez Manzanares*, 925 F.3d at 229. Additionally, generalized information in country reports is insufficient to independently compel the conclusion that the requisite state action would be involved in any torture of Diaz-Menendez specifically. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Based on the evidence as a whole, a reasonable factfinder could have found, regarding the CAT, that Diaz-Menendez failed to show the requisite state involvement in any torture she might suffer.

The petition for review is DENIED.